OPINION
{¶ 1} Mikel Henson ("Henson") pled guilty to one count of trafficking in cocaine, a fourth degree felony, in the Champaign County Court of Common Pleas and was sentenced to eight months of imprisonment.
 {¶ 2} On November 15, 2001, Henson was indicted on one count of trafficking in cocaine. He pled not guilty. At a plea hearing on March 22, 2003, Henson changed his plea to guilty. The state agreed not to oppose the imposition of community control sanctions. The trial court held a sentencing hearing on May 30, 2002 but did not announce the sentence at that time. Rather, the sentence of eight months of imprisonment was announced in a journal entry filed June 10, 2002.
 {¶ 3} Henson failed to file a timely notice of appeal. However, on August 5, 2002, we granted his motion for a delayed appeal.
 {¶ 4} Henson raises four assignments of error.
 {¶ 5} "I. The Trial Court Erred By Failing To Pronounce Sentence Upon The Defendant In Open Court."
 {¶ 6} Henson argues that the trial court erred in pronouncing his sentence in a judgment entry following the sentencing hearing rather than in Henson's presence during the sentencing hearing.
 {¶ 7} Crim.R. 43(A) provides: "The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."
 {¶ 8} In this case, the trial court held a sentencing hearing, at which both Henson and his attorney were present and given an opportunity to speak in mitigation. The trial court then stated: "Case is held under advisement. The Court has got a lot of consideration to do on this. The Court is going to be speaking with the pre-sentence investigating officer then the Court will decide. You'll remain in jail while the Court decides. As soon as there is a decision on whether you're to be released, you'll find out by a Journal Entry which will be provided to you." There was no objection to this procedure, and the state argues that the error does not rise to the level of plain error.
 {¶ 9} We believe that the trial court's error in ignoring the clear requirement of Crim.R. 43(A) should necessitate a reversal and remand to the trial court for resentencing in Henson's presence. We have previously held that the right of a criminal defendant to be present when his sentence is imposed is fundamental. See State v. Skatzes, Montgomery App. No. 15848, 2003-Ohio-516, ¶ 364. See, also, State v. Sutherlin
(1996), 111 Ohio App.3d 287, 293, 676 N.E.2d 127 (holding that the right to be present during sentencing is fundamental and can only be removed by a voluntary, intelligent, and express waiver). It appears, however, that Henson has completed his sentence, thus rendering unnecessary the appellate relief we would otherwise order.
 {¶ 10} The first assignment of error is overruled as moot.
 {¶ 11} "II. The Trial Court Abused Its Discretion In Sentencing Defendant To Eight Months Confinement In Lieu Of Community Control Sanctions."
 {¶ 12} Under this assignment of error, Henson argues that the trial court erred in sentencing him to eight months of imprisonment when the state agreed not to appeal the imposition of community control sanctions.
 {¶ 13} At the time of the offense, R.C. 2953.08(G)(1) provided:
 {¶ 14} "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
 {¶ 15} "(a) That the record does not support the sentence."
 {¶ 16} Henson's entire argument appears to be based upon the fact that the state and the presentence investigation report recommended that Henson be given community control sanctions instead of further time in prison. However, the trial court clearly explained to Henson that it was not bound by the State's recommendation and that conviction of this offense carried a presumption of imprisonment. Henson said he understood.
 {¶ 17} We cannot say that there is clear and convincing evidence that the record did not support the trial court's sentence. Henson does not address with any specificity anything other than that the trial court failed to follow the recommendation of the State that he be sentenced to community control sanctions. We have, on our own, examined the record to satisfy ourselves of the propriety of the sentence.
 {¶ 18} There is a presumption for a prison term for Henson's offense. R.C. 2925.03(C)(4)(c). The trial court expressly found that community control would demean the seriousness of the offense — R.C. 2929.14(B)(2) — and presumably determined that a minimum prison term would likewise demean the seriousness of the offense.
 {¶ 19} Henson faults the trial court's reference to "the length of time Defendant was trafficking and the amount of illegal drugs and money involved," claiming — correctly — that the sale of drugs giving rise to the indictment was a single incident. While this is true, Henson himself admitted during the presentence investigation that he had been selling cocaine for six months to earn extra money.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} "III. The Defendant's Plea Was Not Knowingly And Intelligently Made Where The Trial Court Erred By Stating That The Law Required The Sale Of Crack-Cocaine To Be Made `Negligently' Instead Of `Knowingly,' By Repeated References To `Cocaine' Instead Of `Crack-Cocaine,' And By References To `Possession' Instead Of `Trafficking.'"
 {¶ 22} Henson argues that the trial court did not appropriately determine whether he understood the nature of the offense to which he pled guilty.
 {¶ 23} Pursuant to Crim.R. 11(C)(2), a trial court shall not accept a guilty plea without first:
 {¶ 24} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 25} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 26} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 27} Henson does not argue that the court failed to determine that he understood the effect of his plea or that the court failed to advise him as to the rights he waived by pleading guilty. Rather, Henson argues only that the trial court failed to determine that he understood the nature of the charge against him. This argument is based upon several mistakes made by the trial court during the plea hearing. First, the trial court repeatedly referred to crack cocaine as simply cocaine. Second, the trial court stated at one point that the offense was possession of cocaine rather than trafficking in cocaine. Finally, the court asked Henson if he understood that he was admitting to havingnegligently sold or offered to sell a controlled substance. The correct mens rea is that Henson knowingly sold or offered to sell a controlled substance.
 {¶ 28} With respect to the first and second mistakes, we see no error. There was a lengthy discussion regarding the type of cocaine involved, and it is clear from the record that all parties were aware that the cocaine referred to was crack cocaine. With respect to the court's referring to the crime as possession rather than trafficking, this happened on one isolated occasion, and the court was immediately corrected by the state and remedied its error. Therefore, we turn to the third misstatement-the use of the term "negligently" rather than "knowingly." The trial court asked Henson if he was admitting that he "did * * * negligently sell or offer to sell a controlled substance." Henson did not object to this misstatement, and we review it for plain error. Accordingly, we must consider whether the outcome of the proceeding clearly would have been different but for the trial court's misstatement. See State v. Reid, Montgomery App. No. 19352,2003-Ohio-4087, ¶ 19.
 {¶ 29} We do not believe that the trial court's misstatement rises to the level of plain error. While the court clearly misspoke, we do not believe that this statement, if corrected, would have changed the result. Henson was pleading guilty pursuant to a deal with the state that the state would not oppose the imposition of community control sanctions rather than jail time. Both the indictment and the plea form signed by Henson correctly stated the mens rea of the offense. The trial court encouraged Henson to read the form and discuss with his attorney or the court anything he did not understand. We believe that it is clear from the record that Henson understood the nature of the charge to which he pled guilty. We cannot say that there was any reasonable probability of a different result absent the trial court's error. Thus, the trial court's error does not rise to the level of plain error.
 {¶ 30} The third assignment of error is overruled.
 {¶ 31} "IV. The Trial Court Erred By Failing To Advise The Defendant Of His Appeal Rights During The Sentencing Hearing."
 {¶ 32} Under this assignment of error, Henson argues that the trial court failed to advise him of his right to an appeal. However, as Henson has, in fact, been afforded an appeal, Henson clearly suffered no prejudice as a result of this error.
 {¶ 33} This assignment of error is overruled.
 {¶ 34} The judgment of the trial court will be affirmed.
FAIN, P.J. and GRADY, J., concur.